**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION**

| | | |
|---|---|---|
| AUGUST BASS, | § | |
| | § | |
| Petitioner, | § | CIVIL ACTION NO. 5:20-CV-00152-RWS-CMC |
| | § | |
| v. | § | |
| | § | |
| DIRECTOR TDCJ-CID, | § | |
| | § | |
| Respondent. | § | |

## ORDER

Petitioner August Bass, a prisoner confined at the Huntsville Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court referred this matter to the Honorable Caroline Craven, United States Magistrate Judge, for consideration pursuant to applicable laws and orders of this Court. The Magistrate Judge recommended dismissing the petition as barred by the statute of limitations and dismissing the civil rights claims without prejudice. Docket No. 33 at 4.

The Court has received and considered the Report and Recommendation of the Magistrate Judge filed pursuant to such order, along with the record and the pleadings. Bass acknowledged receipt of the Report and Recommendation on December 28, 2021. Docket No. 35. No objections have been filed by the parties. Because no objections to the Magistrate Judge's report have been filed, neither party is entitled to *de novo* review by the District Judge of those findings, conclusions and recommendations, and except upon grounds of plain error, they are barred from appellate review of the unobjected-to factual findings and legal conclusions accepted and adopted by the

District Court.  28 U.S.C § 636(b)(1)(C); *Douglass v. United Services Automobile Assoc.*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

Nonetheless, the Court has reviewed the motion and the Magistrate Judge's report and agrees with the report.  *See United States v. Raddatz*, 447 U.S. 667, 683 (1980) ("[T]he statute permits the district court to give to the magistrate's proposed findings of fact and recommendations 'such weight as [their] merit commands and the sound discretion of the judge warrants.' ") (quoting *Mathews v. Weber*, 23 U.S. 261, 275 (1976)).  Accordingly, the Court hereby **ADOPTS** the Report and Recommendation of the United States Magistrate Judge (Docket No. 33) as the findings and conclusions of this Court.  Bass's petition is **DISMISSED** and Bass's civil rights claims are **DISMISSED WITHOUT PREJUDICE**.

Furthermore, the Court is of the opinion that Davis is not entitled to a certificate of appealability.  An appeal from a judgment denying post-conviction collateral relief may not proceed unless a judge issues a certificate of appealability.  *See* 28 U.S.C. § 2253.  The standard for a certificate of appealability requires the movant to make a substantial showing of the denial of a federal constitutional right.  *See Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004).  To make a substantial showing, the movant need not establish that he would prevail on the merits.  Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further.  *See Slack*, 529 U.S. at 483–84.  Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of the movant, and the severity of the penalty may be considered in making this determination.  *See Miller v. Johnson*, 200 F.3d 274, 280–81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

In this case, Bass has not shown that any of the issues would be subject to debate among jurists of reason. The questions presented are not worthy of encouragement to proceed further. Therefore, Bass has failed to make a sufficient showing to merit the issuance of certificate of appealability. Accordingly, a certificate of appealability will not be issued.

**SIGNED this 14th day of April, 2022.**

*Robert W Schroeder III*
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE